# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| W.E.B PRODUCTION & FABRICATING, INC., individually and on behalf of all others similarly situated,<br><br>     *Plaintiff*,<br> v.<br><br>INSURANCE COMPANY OF THE WEST,<br><br>     *Defendant*. | Case No. 1:23-cv-15379<br><br>JUDGE: Hon. Sharon Johnson Coleman<br><br>MAGISTRATE JUDGE: Hon. Maria Valdez |

## AMENDED NEW CASE JOINT STATUS REPORT

The parties to the above captioned action jointly submit this Amended New Case Joint Status Report pursuant to the Court's Case Procedures.

**1. The Nature of the Case**

  **A. Identify the attorneys of record for each party, including the lead trial attorney**

| | |
|---|---|
| Carl V. Malmstrom (ARDC # 6295219)<br>WOLF HALDENSTEIN ADLER<br> FREEMAN & HERZ LLC<br>111 W. Jackson Blvd., Suite 1700<br>Chicago, IL 60604<br>Tel: (312) 984-0000<br>Fax: (212) 686-0114<br>malmstrom@whafh.com<br><br>Scott M. Priz (ARDC # 6330308)<br>PRIZ LAW, LLC<br>3230 S. Harlem Avenue, Suite 221B<br>Riverside, IL 60546<br>Tel: (708) 268-5768<br>priz@priz-law.com<br><br>Michael Liskow (ARDC # 243899) | DENTONS US LLP<br><br>Mark L. Hanover (ARDC # 6216201)<br>Emily C. Eggmann (ARDC # 6335831)<br>233 South Wacker Drive, Suite 5900<br>Chicago, Illinois 60606<br>Tel.: (312) 876-8000<br>Fax: (312) 876-7934<br>mark.hanover@dentons.com<br>emily.eggmann@dentons.com<br><br>Kelly R. Graf (admitted *pro hac vice*)<br>601 South Figueroa Street, Suite 2500<br>Los Angeles, California 90017<br>Tel.: (213) 623-9300<br>Fax: (213) 623-9924<br>kelly.graf@dentons.com |

| | |
|---|---|
| GEORGE FELDMAN MCDONALD, PLLC<br>745 Fifth Avenue, Suite 500<br>New York, NY 10151<br>Tel: (561) 232-6002<br>Fax: (888) 421-4173<br>mliskow@4-justice.com<br>eservice@4-justice.com<br><br>*Attorneys for Plaintiff*<br>[Lead trial attorney TBD] | *Attorneys for Defendant*<br>[Lead trial attorney TBD] |

    **B.**    **Describe the nature of the claims asserted in the complaint and any counterclaims**

Plaintiff's Position

Plaintiff asserts, on behalf of itself and a class of similarly situated persons, class claims against defendant Insurance Company of the West ("Defendant") for breach of contract, violations of the Illinois Consumer Fraud and Deceptive Business Practice Act ("ICFA"), unjust enrichment, fraudulent concealment and fraud. Plaintiff also seeks declaratory and injunctive relief. Plaintiff's claims stem from its allegations that Defendant charged Plaintiff and other insureds of workers' compensation insurance premiums based in part on a secret, undisclosed method (the "Pretextual Method") instead of the methodology Defendant claimed to use (and was required to use) in its public rate filings.

Defendant's Position

Defendant asserts that, in connection with issuing workers' compensation insurance policies, Defendant filed its rates with the Illinois Department of Insurance ("DOI"), and expressly disclosed that the premiums charged to policyholders are subject to manual underwriting modification (within enumerated parameters) according to underwriter judgment. Additionally, Defendant explicitly disclosed to Plaintiff and to other policyholders the premiums charged, as well as the Schedule Rating Modification ("SRM"), determined according to the "manuals of rules,

2

rates, rating plans and classifications" on file with the DOI. Defendant contends that the Amended Complaint's reference to a purportedly "secret" and "pretextual" underwriting methodology does not state a claim, and the Amended Complaint must be dismissed in its entirety under Federal Rule of Civil Procedure ("Rule") 12(b)(6).

Parties' Position

There are no pending counterclaims.

C.     **Briefly state the major legal and factual issues in the case**

The major legal and factual issues in this case include:

Plaintiff's Position

Whether Defendant's use of the Pretextual Method breached its contracts with Plaintiff and the Class, violated the ICFA, and/or amounted to unjust enrichment, fraudulent concealment and/or fraud;

Whether certification of the Class is appropriate;

Whether Plaintiff and the Class were damaged due to Defendant's conduct, and if so, the extent of those damages;

Whether punitive damages are appropriate in this case; and

Whether injunctive relief is appropriate in this case.

Defendant's Position

There is an issue whether the Amended Complaint states a claim merely by characterizing Defendant's workers compensation underwriting as "secret" and "pretextual," when Defendant filed its rates with the DOI, explicitly disclosing that premiums are subject to manual underwriting modifications within enumerated parameters, according to underwriter judgment; and where

Defendant disclosed to policyholders that premiums are determined according to the "manuals of rules, rates, rating plans and classifications" on file with the DOI.

If the Court were to find that the Amended Complaint states a claim as to the named Plaintiff, there is an issue whether Plaintiff can certify a putative class of policyholders, where the act of manual underwriting is *by definition* an individual process subject to judgment, and where the question of any alleged *concrete injury* would need to be individually adjudicated.

### D. Describe the relief sought by the plaintiff(s)

Certification of the proposed Class; appointment of Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel; disgorgement of all funds unjustly retained by Defendant; compensatory, statutory and punitive damages; attorneys' fees; pre- and post-judgment interest; declaratory and injunctive relief; and any other relief as the Court deems equitable, just, and proper.

### E. Describe the general status of the case

On December 20, 2023, Defendant moved to dismiss Plaintiff's Amended Complaint. The parties have also commenced discovery in earnest. On November 29, 2023, Plaintiff served Defendant with its First Set of Requests for Production. On January 3, 2024, the parties submitted to the Court a proposed Confidentiality Order and ESI Protocol, which were entered by the Court on January 8, 2024. *See* ECF No. 26, 27. Plaintiff provided its Initial Disclosures to Defendant on January 22, 2024. Defendant will provide its Initial Disclosures to Plaintiff on the below proposed deadline of February 17, 2024.

## 2. Pending Motions

### A. Identify all pending motions

On December 20, 2023, Defendant moved to dismiss Plaintiff's Amended Complaint ("Motion to Dismiss"). On January 18, 2024, Defendant moved to quash the deposition notice of

Toby Marx ("Motion to Quash"). However, after negotiations between the parties, Defendant is withdrawing its Motion to Quash today.

  **B.  Indicate any previously set deadlines**

Plaintiff's deadline to oppose Defendant's Motion to Dismiss is January 31, 2024, with Defendant's Reply in Support of the Motion to Dismiss due by February 28, 2024. *See* ECF No. 25.

**3.  Proposed Discovery Schedule**

  **A.  Describe the general type of discovery required**

Plaintiff anticipates seeking written and oral discovery into, among other things, (i) Defendant's use of the Pretext Method, including how the method affected the calculations of insureds' premiums and the time period(s) during which Defendant utilized the Pretext Method; (ii) Defendant's false representations that it used a different, publicly-filed method in calculating insureds' premiums, including the actions taken by Defendant to conceal the true methodology used; and (iii) evidence necessary, including potential expert discovery, to determine the appropriate measure of damages for Plaintiff and the Class, including whether punitive damages are warranted.

Defendant anticipates seeking written and oral discovery into, among other things, (i) Plaintiff's procurement of workers' compensation insurance from Defendant; (ii) all factors concerning Plaintiff's business that may impact the appropriate premium to be charged; (iii) the basis for Plaintiff's assertion that the premiums disclosed to and paid by Plaintiff were somehow allegedly improper; and (iv) any alleged concrete injury and damages that Plaintiff allegedly incurred.

    **B.    If the case is part of the Mandatory Initial Discovery Project (MIDP), the parties will receive separate notice of MIDP procedures to be followed**

The case is not part of the MIDP.

    **C.    Provide a proposed schedule, including dates, for all discovery**

The parties propose the following schedule for all discovery:

- Completion of Exchange of Initial Disclosures - **Monday February 17, 2024**

- Motion for Class Certification; Disclosure of any Plaintiff's Expert Report(s) in support of Class Certification – **Friday October 11, 2024**

- Opposition to Class Certification and Defendant's Daubert Motions (if any); Disclosure of Defendant's Expert Report(s) in opposition to Class Certification – **Friday December 20, 2024**

- Reply in Support of Class Certification and Plaintiff's Daubert Motions (if any); Opposition to Defendant's Daubert Motions – **Friday February 14, 2025**

- Defendant's Reply in Support of Daubert Motions and Opposition to Plaintiff's Daubert Motions – **Friday March 21, 2025**

- Reply in Support of Plaintiffs' Daubert Motions – **Friday April 25, 2025**

- Hearing on Class Certification / Daubert Motions – **TBD by Court**

- Parties to meet and confer and submit proposed case schedule for remaining Merits Fact and Expert discovery and Dispositive Motions – **Within 14 days of Court's ruling on Class Certification / Daubert Motions**

**4.    Trial**

    **A.    Indicate whether a jury trial is requested**

Yes, a jury trial was requested by Plaintiff.

    **B.    The probable length of trial**

Fifteen days.

**5.    Status of Settlement Discussions**

    **A.    Indicate the status of any settlement discussions**

The parties are not currently engaged in settlement discussions.

B. **Whether the parties request a settlement conference**

Plaintiff is amenable to a settlement conference with Judge Valdez to attempt to resolve the claims of Plaintiff and the Class. Defendant believes that a settlement conference is premature, unless it would be addressed solely to the individual claims alleged by plaintiff W.E.B Production & Fabricating, Inc.

C. **Whether the parties are interested in pursuing arbitration or mediation**

Plaintiff is always open to engaging in productive settlement discussions, including through private mediation, of the claims asserted by Plaintiff on behalf of the Class. Defendant believes that arbitration or mediation are premature, unless they would be addressed solely to the individual claims alleged by plaintiff W.E.B Production & Fabricating, Inc.

6. **Consent to Proceed Before the Magistrate Judge**

The parties do not consent to proceed before the Magistrate Judge.

Dated: January 31, 2024

Respectfully submitted,

*/s/ Michael Liskow*
Michael Liskow (ARDC # 243899)
**GEORGE FELDMAN MCDONALD, PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Tel: (561) 232-6002
Fax: (888) 421-4173
mliskow@4-justice.com
eservice@4-justice.com

Carl V. Malmstrom (ARDC # 6295219)
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLC**
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

7

        Scott M. Priz (ARDC # 6330308)
**PRIZ LAW, LLC**
3230 S. Harlem Avenue, Suite 221B
Riverside, IL 60546
Tel: (708) 268-5768
priz@priz-law.com

*Attorneys for Plaintiff W.E.B Production & Fabricating, Inc.*

Dated: January 31, 2024        Respectfully submitted,

*/s/ Mark L. Hanover*
**DENTONS US LLP**

Mark L. Hanover (ARDC # 6216201)
Emily C. Eggmann (ARDC # 6335831)
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Tel.: (312) 876-8000
Fax: (312) 876-7934
mark.hanover@dentons.com
emily.eggmann@dentons.com

Kelly R. Graf (admitted *pro hac vice*)
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017
Tel.: (213) 623-9300
Fax: (213) 623-9924
kelly.graf@dentons.com

*Attorneys for Defendant Insurance Company of the West*